# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RALPH LIMONES,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:17-cv-01511 (EPG)<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his application for Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

At the hearing on November 8, 2018, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

Plaintiff challenges the Administrative Law Judge's ("ALJ") adverse credibility determination of Plaintiff. The parties agree the applicable legal standards are as follows[1]:

---

[1] The Commissioner maintains her objections to the clear and convincing standard, but concedes that the Ninth Circuit has held that this standard applies and is controlling law in this court.

1

> For the ALJ to reject the claimant's complaints, she must provide "specific, cogent reasons for the disbelief." *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir.1990). Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence. *Bunnell v. Sullivan,* 947 F.2d 341, 343 (9th Cir.1991) (en banc); *see also Cotton v. Bowen,* 799 F.2d 1403, 1407 (9th Cir.1986) ("it is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings"). Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be "clear and convincing." *Swenson v. Sullivan,* 876 F.2d 683, 687 (9th Cir.1989). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir.1993); *Varney v. Secretary of Health and Human Services,* 846 F.2d 581, 584 (9th Cir.1988) (*Varney I*).

*Lester v. Chater,* 81 F.3d 821, 834, (9th Cir. 1995) *as amended* (Apr. 9, 1996).

Because the parties agree that there was medical evidence of the underlying impairment and no affirmative evidence of malingering, the clear and convincing standard applies. Thus, this Court looks to whether the ALJ set forth specific, cogent reasons for the disbelief of Plaintiff's complaints that are clear and convincing, and identified which testimony is not credible and what evidence undermines the Plaintiff's complaints.

The ALJ only specifically addressed inconsistencies in the Plaintiff's testimony in the following discussion:

> I point out that the medical record documents inconsistencies in the claimant's alleged residuals from brain surgery. In April 2016 with [sic] complained of left-sided weakness and shuttering. The claimant thought he had a *stroke*. On exam, the left side upper and lower extremities was 0/5 on the strength scale. However, the attending physician noted that the claimant appeared to be functional as he was able to lift his left hand to face level while avoiding his face. In September 2016, he presented to the emergency room with complaints of dizziness, vomiting and nausea. On exam, he was able to move all four extremities. His strength was 5/5 in upper and lower extremities. Gross sensation was intact. Furthermore, the claimant left the hospital against medical advice. (Exhibits 14F/30; 18F/5).
>
> Despite claims of severe limitations a treating source recommended that the claimant take part in regular activity and exercise. He also referred to physical therapy. (Exhibit 16F/6).

(A.R. 23-24).

At oral argument, the Court and parties discussed each of these reasons extensively. The Court incorporates its comments made on the record into this decision. In short, these reasons do not meet the clear and convincing standard. The fact that a test showed 0/5 strength while Plaintiff could raise his hand to his face does not demonstrate that he is being dishonest or is exaggerating symptoms. No one appears to argue that Plaintiff was faking his strength or not genuinely concerned that he had a stroke. Indeed, he had cervical spine surgery after this event. Similarly, the fact that he complained of dizziness, vomiting and nausea on another occasion, yet could move his extremities and had strength in them does not provide a reason to discount his testimony—they are merely different measurements of his symptoms. Moreover, it is uncontested that he received serious medical treatment following these episodes. As for his leaving the hospital against medical advice, the parties agree that he left the hospital to immediately seek medical care with another provider—not because he did not believe he needed serious medical care.

The ALJ's reasoning that "[d]espite claims of severe limitations a treating source recommended that the claimant take part in regular activity and exercise. He also referred to physical therapy" gives the Court the most pause. The claimant testified to impairments that would limit his functions to a greater extent than would be compatible with the ordinary understanding of "regular activity and exercise." But, upon closer examination, it is unclear what is meant by the recommendation to exercise and whether it is truly inconsistent with Plaintiff's testimony. Plaintiff did testify that he performed limited exercise, stating at the hearing, "The only exercise I do or [sic] the things that the therapist showed me to do with my legs and my arms." (A.R. 40). Moreover, a more detailed recommendation regarding exercise appears consistent with Plaintiff's testimony. (A.R. 577) ("we will consider requesting physical therapy to instruct the patient in a home exercise program to improve core strengthening to hopefully delay the progression of the patient's facet arthropathy, discogenic disease and lumbar radiculopathy."). These statements suggest that the recommendation to engage in exercise did not mean that doctors believed he could do the type of ordinary exercise such as running, biking or swimming that would truly `be inconsistent with Plaintiff's stated impairments.

The Commissioner also pointed elsewhere in the ALJ's opinion where he notes that "[Plaintiff] was out of Norco and requested to stay on Tramadol. However, it was also found that the claimant had been out of pain medication because of none [sic] follow-up." (A.R. 23). This statement was not in the section regarding Plaintiff's credibility, so arguably was not specific and cogent enough to meet the above standard. In any event, medical records repeatedly confirm pain symptoms and prescriptions for such medications, indicating that his medical providers believed his complaints of pain notwithstanding a failure to timely refill one prescription. (Exhibit 16F).

After thorough consideration, this Court finds that the reasons that the ALJ set forth for discrediting Plaintiff's complaints were not sufficiently specific, cogent, and clear and convincing.

Both parties agree that remand is the appropriate course given the Court's ruling. This Court does not take a position on whether Plaintiff will be found disabled once his complaints are fully credited. The Court also notes that Plaintiff's medical situation did not appear to be stable, and many of his complaints stemmed from the side effects of medication taken at that time. The ALJ should consider whether any further proceedings are necessary to evaluate Plaintiff's disability in light of this decision.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: **November 19, 2018**           /s/ Eric P. Groj
                                       UNITED STATES MAGISTRATE JUDGE